**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KENNETH SIMPSON, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00378-JMD |
| | ) | |
| MARK KING, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM AND ORDER**

Kenneth Simpson filed an "Amended Motion for Writ of Habeas Corpus & Bail Under 28 U.S.C. § 2241(a)." ECF 3. It references three cases. The first is a conviction under 18 U.S.C. § 2252A(a)(2) for receiving child pornography, which was followed by several violations of supervised release. *Id.* at 2. The second is a conviction under 18 U.S.C. § 2250(a)(3) for failing to register and update his sex offender registration. *Id.* The third is a *Bivens* suit Simpson filed against various judges of the Eastern District of Missouri and Eighth Circuit Court of Appeals, which he incorporates by reference. *Id.* at 1; *see also Simpson v. Sippel*, No. 4:26-cv-00377-SEP, 2026 WL 2318017, at *3 (dismissing Simpson's *Bivens* claim with prejudice). Here, he argues that "the Government and Court admitted that [he] did not commit the original crime that [he] pled to," and "at least as applied to [him], SORNA and supervised release are flatly unconstitutional." ECF 3 at 2. In Simpson's view, he "should be granted [his] release and the criminal charges dismissed with prejudice." *Id.* at 4.

The Court dismisses Simpson's petition because it lacks jurisdiction over § 2241 petitions filed by prisoners who are confined in other districts. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443, (2004) (explaining that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); *United States v. Hutchings*, 835

F.2d 185, 187 (8th Cir. 1987) (explaining that a § 2241 petition must be filed in the district "within which either the [United States Parole Commission] or the prisoner's custodian is located"). Simpson is confined in the Medical Center for Federal Prisoners in Springfield, Missouri. *See* ECF 3 at 23–24 (providing return address). Because Springfield is located within the Western District of Missouri, *see* 28 U.S.C. § 105(b)(5), this Court does not have jurisdiction over his petition. Nor does this Court have jurisdiction under the special exception in 28 U.S.C. § 2241(d), which applies only to "a person in custody under the judgment and sentence of a State court." Simpson is in custody because of federal convictions.

The Court also declines to transfer Simpson's petition to the Western District. Doing so would not be in "the interest of justice," 28 U.S.C. § 1631, because § 2241 is for challenging the administration of a sentence, not attacking the underlying conviction. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). A § 2241 petition may be used to attack the underlying conviction only when a motion under § 2255 would be "inadequate or ineffective." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (quoting 28 U.S.C. § 2255). Simpson has not made that showing. And although courts sometimes construe § 2241 petitions as § 2255 motions, the Court will not do so here because Simpson writes that he seeks relief under only § 2241, not § 2255. *See* ECF 3 at 1 (stating that he proceeds "under the authority of § 2241(a) (as opposed to the broader correction mechanism of § 2255)"). Finally, Simpson failed to use a Court-provided form, a defect he failed to remedy when given the chance to do so in another of his cases. *See* Opinion, Memorandum and Order at 2, *Simpson v. United States,* No. 4:26-cv-01028-HEA (E.D. Mo. June 30, 2026), ECF 2 (ordering Simpson to complete the Court-provided form or else face dismissal).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of jurisdiction. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner's motion seeking "summary judgment," ECF 4, is **DENIED** as moot.

Dated this 13th day of October, 2026.

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI